**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TYLER-SCOTT BEAVERSON,** | : | **CIVIL NO. 3:11-CV-923** |
| | : | |
| Petitioner, | : | (Judge Nealon) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **COMMONWEALTH OF PENNSYLVANIA, et al.,** | : | |
| | : | |
| Respondents. | : | |

**REPORT AND RECOMMENDATION**

**I.    Statement of Facts and of the Case**

The case of Tyler-Scott Beaverson presents a simple story regarding the importance of understanding, and complying with, the procedural requirements prescribed by law for federal habeas corpus petitions. In this case, that simple lesson is set forth against a backdrop of eccentric, and often unintelligible, claims by the Petitioner.

Beaverson's petition begins with the following peroration:

COMES NOW ™ Tyler-Scott: Beaverson©, a People natural and free man on the land of the Pennsylvania Republic and Common Law Jurisdiction, this 8th day of May year of our Lord, 2011, and petitions the above-entitled court of record for a writ of habeas corpus to inquire into the cause of custody and restraint of liberty of said ™ Tyler-Scott: Beaverson© (hereinafter "People"), who is a People of the United States neither in the capacity of a citizen of the UNITED STATES nor a citizen of the COMMONWEALTH OF PENNSYLVANIA, and who is not subject to the jurisdiction of the following CUSTODIANS:

(Doc. 1.)

From this novel beginning, Beaverson then goes on articulate an idiosyncratic theory of law, one which seamlessly combines the Constitution, the common law, the Bible and the Uniform Commercial Code, stating in part that:

> The People is under the Law of the Land, Common Law, not the Law of the Sea Maritime/Admiralty Law. Biblical Law at "Common Law" supersedes all laws, and "Christianity is custom, custom is law." Robin v. Hardaway 1790. "Law of the Land" means "The Common Law." Taylor v. Porter, 4 Hill. 140, 146 (1843) Justice Bronson; and State v. Simon, 2 Spears 761. 767 (1884) -- Justice O'Neal. The U.S. adopted the Common Laws of England with the Constitution. Coldwell v. Hill, 176 S.E. 383 (1934). All statutes must be read in harmony with common law at UCC [Uniform Commercial Code] 1-103.

(Id., ¶¶ 23-27.)

Having presented this unifying and universal legal theory, Beaverson goes on to explain that:

> 6. This habeas corpus is prosecuted because the taking of people into custody was without due process. The respondent's court acted as a nisi prius court, except that the jurisdiction was fraudulently acquired without ™ Tyler-Scott: Beaverson's© volunteering or knowingly agreeing to the proceeding. ™ Tyler-Scott:Beaverson's© liberty has been illegally and unlawfully restrained in violation of the Constitution and Laws of the United States.
>
> 7. This nisi prius court is in fact a nisi prius court falsa because respondent has taken unlawful dominion of ™ Tyler-Scott: Beaverson© so as to deprive him of his court. ™ Tyler-Scott:Beaverson© should be immediately released so that he may return to the jurisdiction of his own court.

> 8. "The Writ of Habeas Corpus ad Subjiciendum is referred to as a "high prerogative writ," the vital purposes of which are to obtain immediate relief from illegal confinement, or to deliver someone from unlawful custody." 39 Am 1ur 2d § I

(Id., ¶¶ 6-8.)

While Beaverson's petition is largely incomprehensible as a legal matter it makes some factual averments which can be understood. For example, it does recite that Beaverson is currently facing criminal charges that are pending in the Court of Common Pleas of York County. (Id., ¶¶ 50-57.)  A review of the court docket for the pending state case cited by Beaverson in his petition discloses that Beaverson is currently charged with state offenses involving conspiracy, distribution of controlled substances, corruption of minors, and driving under suspension. That docket and court history also disclose that Beaverson has previously been prosecuted on other state criminal offenses in York County. Beaverson's petition further indicates that he has not exhausted his state remedies because he has unilaterally concluded that exhaustion is not required. According to Beaverson:

> ™ Tyler-Scott: Beaverson© has been extremely prejudiced throughout the past 5 months in attempts to seek remedy. If the public servants and CUSTODIANS upheld their Oath and followed the Rules, Codes, Laws, and Procedures they are bound by the Petitioner would not be in the situation he is in. To pursue remedy through the state is extremely futile and the violation of the Petitioner's rights is very clear. State process is inadequate and ineffective. To pursue any other means would only

further prejudice ™ Tyler-Scott: Beaverson© and delay his God given Liberty.

(Id., ¶ 11.)

Along with his petition, Beaverson has filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) Given the admittedly unexhausted character of this petition, it is recommended that Beaverson's motion for leave to proceed *in forma pauperis* (Doc. 2), be granted but that this petition be dismissed without prejudice at this time, until Beaverson completes the legally-mandated exhaustion of his state remedies.

## II. Discussion

### A. State Prisoner Habeas Relief–The Legal Standard.

In this case, we find that the Petitioner has not yet made out a valid case for pursuing habeas relief in federal court since he admits that his petition is completely unexhausted, in that Beaverson has yet to fully litigate his claims in state court as he is required to do. This exhaustion of state remedies is a prerequisite for a consideration of a federal habeas petition. Therefore, since the Petitioner has not made a showing justifying habeas relief at this time, this petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C. § 2254 (Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

A state prisoner seeking to invoke the power of this Court to issue a writ of habeas corpus must satisfy the standards prescribed by 28 U.S.C. § 2254, which provides in part as follows:

> **(a)** The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
>> **(A)** the applicant has exhausted the remedies available in the courts of the State;
>> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> **(2)** An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254 (a) and (b).

### (1.) <u>Substantive Standards for Habeas Petitions</u>

As this statutory text implies, state prisoners must meet demanding substantive and procedural benchmarks in order to obtain habeas corpus relief. At the outset, a petition must satisfy exacting substantive standards to warrant relief. Federal courts

may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). By limiting habeas relief to state conduct which violates "the Constitution or laws or treaties of the United States," § 2254 places a high threshold on the courts. Typically, habeas relief will only be granted to state prisoners in those instances where the conduct of state proceedings led to a "fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure. See, e.g., Reed v. Farley, 512 U.S. 339, 354 (1994). Thus, claimed violations of state law, standing alone, will not entitle a petitioner to § 2254 relief, absent a showing that those violations are so great as to be of a constitutional dimension. See Priester v. Vaughan, 382 F.3d 394, 401-02 (3d Cir. 2004).

### (2.) Procedural Benchmarks for Habeas Petitions

#### ( a. ) Exhaustion of State Remedies.

Furthermore, state prisoners seeking relief under Section 2254 must also satisfy specific, and precise, procedural standards. One of these procedural prerequisites that state prisoners seeking relief under Section 2254 must satisfy is a requirement that the petitioner " has exhausted the remedies available in the courts of the State," before

seeking relief in federal court. 28 U.S.C. § 2254(b). In instances where a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typically will refuse to entertain a petition for habeas corpus and will dismiss that petition without prejudice. See Whitney v. Horn, 280 F.3d. 240, 250 (3d Cir. 2002).

This statutory exhaustion requirement is rooted in principles of comity and reflects the fundamental idea that the state should be given the initial opportunity to pass upon and correct alleged violations of the petitioner's constitutional rights. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). As the Supreme Court has aptly observed: "a rigorously enforced total exhaustion rule" is necessary in our dual system of government to prevent a federal district court from upsetting a state court decision without first providing the state courts the opportunity to correct a constitutional violation. Rose v. Lundy, 455 U.S. 509, 518 (1982). Requiring exhaustion of claims in state court also promotes the important goal of ensuring that a complete factual record is created to aid the federal courts in their review of a § 2254 petition. Walker v. Vaughn, 53 F.3d 609, 614 (3d Cir. 1995). A petitioner seeking to invoke the writ of habeas corpus, therefore, bears the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, and the claims brought in federal court must be the "substantial equivalent" of those presented to the state courts. Evans v.

Court of Common Pleas, 959 F.2d 1227, 1231 (3d Cir. 1992); Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982). A petitioner cannot avoid this responsibility merely by suggesting that he is unlikely to succeed in seeking state relief, since it is well-settled that a claim of "likely futility on the merits does not excuse failure to exhaust a claim in state court." Parker v.Kelchner, 429 F.3d 58, 63 (3d Cir. 2005).

While this exhaustion requirement compels petitioners to have previously given the state courts, a fair "opportunity to apply controlling legal principles to the facts bearing upon [the petitioner's] constitutional claim," Picard v. Connor, 404 U.S. 270, 276 (1971), this requirement is to be applied in a commonsense fashion. Thus, the exhaustion requirement is met when a petitioner submits the gist of his federal complaint to the state courts for consideration, without the necessity that the petitioner engage in some "talismanic" recitation of specific constitutional claims. Evans, 959 F.2d at 1230-33. Similarly, a petitioner meets his obligations by fairly presenting a claim to the state courts, even if the state courts decline to specifically address that claim. See Dye v. Hofbauer, 546 U.S. 1(2005) (per curiam); Johnson v. Pinchak, 392 F.3d 551, 556 (3d Cir. 2004).

Oftentimes, petitions may either contain wholly unexhausted claims. In such instances, the court has several courses available to it. First, the court can dismiss the petition without prejudice, so that the petitioner can return to state court and totally

exhaust his claims, and then proceed in federal court on a petition which raises only wholly exhausted issues. Rose v. Lundy, 455 U.S. 509 (1982). This total exhaustion approach facilitates the important goals of federalism and comity that are essential to the exhaustion rule, and allows for complete legal and factual development of these cases in the state legal system before petitions are presented in federal court. However, because strict compliance with this total exhaustion rule can create procedural dilemmas for some petitioners who may be unable to fully exhaust state remedies on their petitions before the one-year statute of limitations prescribed for state habeas petitions elapses, the courts have adopted another procedure which may be employed in a very limited number of cases, a "stay and abeyance" procedure in which the federal habeas petition is stayed pending exhaustion of state remedies by the petitioner. Rhines v. Weber, 544 U.S. 269 (2005).

Yet, while granting a stay and abeyance is an available procedure, it is not a preferred course of action in these cases. Because a "stay and abeyance" procedure, if used too frequently, can undermine the policies favoring prompt and orderly resolution of state habeas petitions, the Supreme Court has held that:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court

would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

Rhines v. Weber, 544 U.S. at 277. Therefore, in order to qualify for a stay and abeyance a petitioner should "satisf[y] the three requirements for a stay as laid out in Rhines: good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics." Heleva v. Brooks, 581 F.3d 187, 192 (3d. Cir.2009).

### B. Beaverson's Petition Should Be Dismissed Without Prejudice Since It Undeniably Contains Unexhausted Claims

In this case, Beaverson's petition runs afoul of this statutory safeguard, the exhaustion requirement, since Beaverson admits, and it is apparent that, the petition consists of wholly unexhausted claims. Given this acknowledged, and fundamental, failure to exhaust his state remedies on any of these claims, this federal pleading is the very model of an unexhausted petition which the court ordinarily should dismiss without prejudice, so that Beaverson can return to state court and totally exhaust his claims, before proceeding in federal court on a petition which raises only wholly exhausted issues. Rose v. Lundy, 455 U.S. 509 (1982).

While Beaverson has not requested a stay-and-abeyance in lieu of dismissal without prejudice, we have independently considered this issue, and have concluded that a stay in not necessary or appropriate in this instance. In reaching this conclusion, we recognize that such stays are not favored and in order to qualify for a stay and

abeyance a petitioner should "satisf[y] the three requirements for a stay as laid out in Rhines: good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics." Heleva v. Brooks, 581 F.3d 187, 192 (3d. Cir.2009).

In this cases the issue of whether: (1) Beaverson can show good cause; (2) the extent to which he can present potentially meritorious claims; and (3) the degree to which Beaverson has engaged in dilatory litigation cannot be resolved by us on the current record. Quite the contrary, these issues lie at the heart of the pending state litigation. Therefore, we should refrain from making premature, and only partially informed, judgments on these issues which are being actively litigated in the state courts. In short, given the eccentric manner in which Beaverson has pursued his claims, he cannot show "good cause" justifying a stay-and abeyance of this petition, and his petition should simply be dismissed without prejudice to a timely filing once this state litigation has drawn to a complete close.

### III.  **Recommendation**

Accordingly, for the foregoing reasons, upon consideration of this Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, IT IS RECOMMENDED that the Petition be DENIED, without prejudice, and that a certificate of appealability should not issue.

The Petitioner is further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 16th day of May, 2011.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge