IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYLER-SCOTT BEAVERSON, Petitioner | |
| v. | CIVIL NO. 3:11-CV-923 |
| COMMONWEALTH OF PA, et al., Respondents | (JUDGE NEALON) (MAGISTRATE JUDGE CARLSON) |

## MEMORANDUM and ORDER

On May 13, 2011, Petitioner, Tyler-Scott Beaverson, an inmate currently confined at the York County Correctional Facility, York, Pennsylvania filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion for leave to proceed in forma pauperis. (Docs. 1-2). Pursuant to the screening requirements of Rule 4 of the Rules Governing Section 2254 Cases, Magistrate Judge Martin C. Carlson reviewed the petition. On May 16, 2011, the Magistrate Judge issued a Report and Recommendation ("R&R") concluding that Petitioner failed to exhaust state court remedies and recommending that the habeas petition be dismissed without prejudice. (Doc. 4). No objections have been filed and, for the reasons set forth below, the R&R will be adopted.

**Discussion**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 152 (1985). Nevertheless, the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues

raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3.

After review, it is concluded that Magistrate Judge Carlson conducted a thorough examination of the habeas corpus petition and state court docket. The Magistrate Judge finds that the petition is "largely incomprehensible", but it refers to criminal charges Petitioner is facing in the Court of Common Pleas of York County.[1] (Doc. 4, p. 3). The R&R explains that habeas corpus petitions filed pursuant to 28 U.S.C. § 2254 must be promptly screened and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." (Doc. 4, pp. 4-5) (citing Rule 4 of the Rules Governing Section 2254 Cases). The Magistrate Judge describes a state prisoner's obligation to exhaust state court remedies before seeking federal habeas relief. (Id. at pp. 6-8)

---

[1] Petitioner alleges, inter alia, that on December 9, 2010, United States Marshals "kidnapped" him. (Doc. 1, p. 9). However, review of the state court docket sheet indicates that he was taken for a bail hearing on that date for pending drug charges. See Commonwealth v. Beaverson, No. CP-67-CR-754-2011 (York Cty. Feb. 9, 2011). The habeas petition, relying on the Bible, the Uniform Commercial Code, and common law, also alleges, for example, that Petitioner has been denied his Fifth Amendment rights to Due Process, but then it contends that Petitioner is not a United States citizen under the Fourteenth Amendment because he does not live in Washington, D.C. See (Doc. 1, pp. 5-6).

(citing Whitney v. Horn, 280 F.3d 240, 250 (3d Cir. 2002)); see also Williams v. Wynder, 232 Fed. Appx. 177, 178 (3d Cir. 2007) (affirming the District Court's dismissal of a section 2254 habeas corpus petition because the petitioner failed to exhaust his claims in state court).

Here, Petitioner admits that he failed to exhaust state remedies before bringing the instant action. (Doc. 4, p. 3). Accordingly, the R&R correctly determines that the habeas "petition consists of wholly unexhausted claims." (Id. at p. 10). Magistrate Judge Carlson also properly rejects Petitioner's conclusory claim that pursuing state court remedies would be futile. (Id. at pp. 3-4, 8). The R&R explains that a "petitioner cannot avoid [the exhaustion requirement] merely by suggesting that he is unlikely to succeed in seeking state relief, since it is well-settled that a claim of 'likely futility on the merits does not excuse failure to exhaust a claim in state court.'" (Id.) (quoting Parker v. Kelchner, 429 F.3d 58, 63 (3d Cir. 2005)).

Magistrate Judge Carlson also addresses whether a stay and abeyance should be granted in lieu of dismissal without prejudice. (Doc. 4, pp. 10-11) (noting that Petitioner has not requested a stay and abeyance). The R&R states that "such stays are not favored and in order to qualify for a stay and abeyance a petitioner should 'satisf[y] the three requirements for a stay as laid out in Rhines: good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics.'" (Id.) (quoting Rhines v. Weber, 544 U.S. 269, 277 (2005); Heleva v. Brooks, 581 F.3d 187, 192 (3d Cir. 2009)). The Magistrate Judge determines that these issues are "at the heart of the pending state litigation" and that the Court should refrain from making a premature judgment. (Id.). Additionally, the R&R determines that "given the eccentric manner in which [Petitioner] has pursued his claims, he cannot show 'good cause' justifying a stay-and-abeyance" and recommends that the petition be dismissed without prejudice. (Id.).

This Court agrees that a stay should not be granted. It is also noted that although Rule 9 of the Rules Governing Section 2254 Cases precludes a petitioner from filing a second or successive petition without authorization from the appropriate court of appeals, this Rule does not apply to habeas petitions that were first dismissed for failure to exhaust state court remedies. Slack v. McDaniel, 529 U.S. 473, 487 (2000). The United States Supreme Court holds:

> [None] of our cases . . . have ever suggested that a prisoner whose habeas petition was dismissed for failure to exhaust state remedies, and who then did exhaust those remedies and returned to federal court, was by such action filing a successive petition. A court where such a petition was filed could adjudicate these claims under the same standard as would govern those made in any other first petition.

(Id.) (quoting Stewart v. Martinez-Villareal, 523 U.S. 637, 644 (1998)). Therefore, in the absence of objections and finding no error in the R&R, Magistrate Judge Carlson's recommendation to dismiss the petition without prejudice will be adopted.

Additionally, Petitioner's motion to proceed in forma pauperis, (Doc. 2), will be granted for the sole purpose of filing this action.

                                                            _____
                                                            **United States District Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYLER-SCOTT BEAVERSON,
    Petitioner

v.

COMMONWEALTH OF PA, et al.,
    Respondents

CIVIL NO. 3:11-CV-923

(JUDGE NEALON)
(MAGISTRATE JUDGE CARLSON)

## ORDER

NOW, THIS 10th DAY OF JUNE, 2011, **IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (Doc. 4) is **ADOPTED**;

2. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies;

3. The motion for leave to proceed in forma pauperis (Doc. 2) is **GRANTED** for the sole purpose of filing this action;

4. The Clerk of Courts is directed to **CLOSE** this case; and

5. There is no basis for the issuance of a certificate of appealability.

*[signature]*

**United States District Judge**